■ In the Matter of NEW YORK ARCHAEOLOGICAL COUNCIL et al., Appellants, v TOWN BOARD OF THE TOWN OF COXSACKIE et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered November 5, 1990 in Greene County, which, inter alia, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, inter alia, review a determination of respondent Town Board of the Town of Coxsackie rezoning certain property in the Town of Coxsackie from residential/agricultural to industrial.

Petitioners are attempting in this CPLR article 78 proceeding to annul Local Laws, 1989, No. 6 of the Town of Coxsackie (hereinafter Local Law No. 6) and a negative declaration of no adverse environmental consequences adopted by respondent Town Board of the Town of Coxsackie, which rezoned a 155-acre parcel of property in the Town of Coxsackie, Greene County, from residential/agricultural to industrial.* The purpose of the rezoning was to allow for the construction of a 510,000 square-foot warehouse facility by respondent J-Mark Company, Inc. for respondent Distribution Specialist, Inc. (hereinafter Specialist). Pursuant to the State Environmental

---

* Petitioners also sought to require respondents to complete archaeological studies and recover excavated portions of the site.

Quality Review Act (ECL art 8) (hereinafter SEQRA) *(see,* 6 NYCRR 617.5 [b]), J-Mark submitted a full environmental assessment form (hereinafter EAF) verified August 2, 1989 seeking the rezoning. The Town Board, as lead agency of the project, completed part 2 of the EAF identifying two potentially large impacts and six small to moderate impacts on the environment. Under SEQRA this project was a Type I action. The project site is within the Flint Mine Hill Archaeological District, an area listed on both the National and New York Registers of Historic Places, and contains "the largest known aboriginal chest * * * quarry * * * in New York State and an unknown number of associated lithic reduction * * * and subsistence resource procurement sites".

After answers were served, respondents moved to dismiss the petition. In dismissing the petition on the merits, Supreme Court held that "[t]he 'Determination of Significance [p]ursuant to 6 NYCRR 617.6 (g)' is sufficiently specific to evidence the fact that the requisite 'hard look' has been taken at all environmental criteria" and that "this proceeding is [not] a proper vehicle to compel the completion of costly archaeological investigation at a site where * * * respondents no longer have any interest whatsoever". This appeal by petitioners ensued.

The primary questions raised on this appeal are whether (1) the Town Board acted arbitrarily and capriciously in failing to require an environmental impact statement (hereinafter EIS) before adopting Local Law No. 6 and the negative declaration, (2) the Town exercised its zoning powers in furtherance of a comprehensive plan, and (3) Supreme Court correctly ruled that respondents were not required to complete archaeological studies or recover the excavated site.

In our view the Town Board, as lead agency, did not take the "hard look" required before deciding that an EIS was not necessary; it therefore acted arbitrarily and capriciously under the circumstances *(see, Akpan v Koch,* 75 NY2d 561, 570-571; *Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 364-365; *Matter of Shawangunk Mountain Envtl. Assn. v Planning Bd.,* 157 AD2d 273, 275-276). As the instant project was determined by the Town Board to be a Type I action with two "possibly significant" impacts upon the environment, the preparation of an EIS is required *(see, Matter of Shawangunk Mountain Envtl. Assn. v Planning Bd., supra,* at 275; *Matter of Holmes v Brookhaven Town Planning Bd.,* 137 AD2d 601, 603, *lv denied* 72 NY2d 807). The EAF submitted by J-Mark stating that the impact on the wetlands and the

archaeological site would be mitigated could not serve as the sole basis for the Town Board's decision because J-Mark, as the developer, is an interested party *(see, Kanaley v Brennan,* 119 Misc 2d 1003, *affd* 120 AD2d 974).

The record also indicates that the Town Board did not have sufficient time to make an independent investigation or to fully address any environmental concerns raised by the EAF because the EAF was submitted to the Town Board on August 3, 1989, and Local Law No. 6 and the negative declaration were discussed just a few days later at the August 8, 1989 meeting. This failure to comply with the SEQRA process was a fatal defect *(see, Matter of Shawangunk Mountain Envtl. Assn. v Planning Bd., supra,* at 276; *Matter of Holmes v Brookhaven Town Planning Bd., supra,* at 603-604).

Respondents' argument, that the action of the Town Board in rezoning the property from residential/agricultural to industrial was consistent with the Town's master plan, is meritorious. Under the Town's 1986 revised master plan, attracting new industries is an objective of the Town and the determination of significance indicates that the project site is located "in a sparsely settled area of mixed uses having no clear character or identity". Petitioners' reliance on *Asian Ams. for Equality v Koch* (72 NY2d 121, 131) is misplaced.

Finally, petitioners' contention that either the Town Board or J-Mark should be held liable for completing the archaeological studies and recovering the excavated areas of the site must fail. Petitioners point to no authority for the imposition of such burden on respondents.

Weiss, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the petition regarding Local Laws, 1989, No. 6 of the Town of Coxsackie and the negative declaration; petition granted to that extent and Local Laws, 1989, No. 6 of the Town of Coxsackie and the negative declaration are annulled; and, as so modified, affirmed.