■ In the Matter of Town of Dickinson, Respondent-Appellant, v County of Broome et al., Appellants-Respondents. (Proceeding No. 1.) In the Matter of Kristan Harsh et al., Respondents-Appellants, v Legislature of the County of Broome et al., Appellants-Respondents. (Proceeding No. 2.)— Crew III, J. Cross appeals from a judgment of the Supreme Court (Rose, J.), entered July 26, 1991 in Broome County, which partially granted petitioners' applications, in two proceedings pursuant to CPLR article 78, to annul a determination of respondent Broome County Legislature adopting a negative declaration of environmental impact of a proposed Broome County public safety facility.

These proceedings were commenced to challenge the validity of a determination by respondents under the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) that the proposed construction of a public safety complex (hereinafter the proposed complex) in the Town of Dickinson, Broome County, had no significant environmental impact and to annul the negative declaration adopted pursuant to this determination. The proposed complex is to be constructed on 24 acres of land owned by respondent Broome County and will contain a 400-bed jail, the Sheriff's Department offices, the emergency services offices, a police academy and a vehicle maintenance facility. The proposed complex will adjoin a residential neighborhood containing approximately 300 single-family homes. In September 1990, respondent Broome County Legislature declared itself the lead agency and classified the proposed project as a type I action. After completion of a full environmental assessment form and consideration of various reports and documents, the Legislature determined that the proposed complex would not have a significant environmental impact and issued a negative declaration. Petitioners commenced these CPLR article 78 proceedings to challenge the validity of the negative declaration and sought to enjoin respondents from taking further action on the proposed complex until completion of an environmental impact

statement (hereinafter EIS). Supreme Court annulled the negative declaration and denied the requests for injunctive relief. Respondents appeal from that portion of the judgment which annulled the negative declaration and petitioners cross-appeal from that portion of the judgment which denied their requests for injunctive relief.

It is uncontroverted that the proposed complex is a type I action which, under the regulations of the Department of Environmental Conservation, is deemed more likely to require the preparation of an EIS (see, 6 NYCRR 617.12 [a]). Indeed, in a type I action an EIS is presumptively required (see, Matter of New York Archaeological Council v Town Bd., 177 AD2d 923) and in order to require such a statement it need only be demonstrated that the action may have a significant effect on the environment (see, Chinese Staff & Workers Assn. v City of New York, 68 NY2d 359, 364). The highly significant environmental effects of the proposed complex in this case are clearly evident from a review of the record. Such concerns include, inter alia, water run off during and after construction which could negatively impact a protected wetland, erosion, storage of petroleum and chemical products at the proposed complex, increases in water usage, potential effects of surface and ground water quality and quantity, sewage treatment capacity, increased traffic density by reason of a planned access road to the proposed complex, the release of asbestos during demolition of existing structures, and the proximity and potential impact of the proposed complex on the adjoining residential neighborhood. Having identified those areas of significant concern, it was respondents' duty to address them thoroughly by way of an EIS (see, Matter of Desmond-Americana v Jorling, 153 AD2d 4, 11-12, lv denied 75 NY2d 709). It is only through such a vehicle that there can be any guarantee of a comprehensive review of the proposed complex's adverse environmental effects, consideration of less intrusive alternatives to the proposed action and consideration of measures in mitigation (see, ECL 8-0109 [2]; 6 NYCRR 617.14 [f]; Matter of Shawangunk Mtn. Envtl. Assn. v Planning Bd., 157 AD2d 273, 275). Our only disagreement with Supreme Court is its failure to include in its judgment a direction that respondents investigate and discuss in the EIS the storage of petroleum and chemical products at the proposed complex and sewage treatment capacity. To that extent we modify the judgment.

Petitioners' contention that Supreme Court erred in failing to enjoin respondents from taking further action on the pro-

posed complex until completion of the EIS is without merit. Supreme Court determined, and we agree, that petitioners' applications for an injunction were unnecessary. SEQRA mandates that the required environmental review be completed before respondents may act *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 531) and respondents cannot approve, fund or carry out any construction relating to the proposed complex until they have fully complied with SEQRA *(see,* 6 NYCRR 617.3 [a], [f] [2]; *Matter of Programming & Sys. v New York State Urban Dev. Corp.,* 61 NY2d 738, 739). Petitioners' remaining contentions have been considered and rejected as being without merit.

Mercure, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by directing that respondents investigate and discuss the storage of petroleum and chemicals at the proposed complex and sewage treatment capacity, and, as so modified, affirmed.