■ In the Matter of SAVE THE PINE BUSH, INC., et al., Appellants, v PLANNING BOARD OF THE TOWN OF GUILDERLAND et al., Respondents. [629 NYS2d 124] —Crew III, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered June 22, 1994

in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Planning Board of the Town of Guilderland approving a preliminary subdivision plat for the Pine Haven Estates.

On March 17, 1992, respondent Charles J. Rao submitted an application to respondent Planning Board of the Town of Guilderland (hereinafter the Planning Board) for development of a 65-lot subdivision in Albany County known as Pine Haven Estates. The land in question consists of approximately 106 acres and is divided into two parcels, a northern parcel containing approximately 41 acres and a southern parcel containing approximately 65 acres. The northern parcel borders the Albany Pine Bush Preserve (hereinafter the Preserve) and has been classified by the Albany Pine Bush Commission (hereinafter the Commission) as a secondary protection area.[1]

A revised concept plan, which increased the number of lots from 65 to 66 and included conservation easements, was approved in June 1992. Thereafter, in October 1992, Rao submitted a full Environmental Assessment Form (hereinafter EAF) together with a stormwater management report and a traffic study.[2] In May 1993, following a public hearing, the submission of an archaeological report[3] and additional input from various concerned groups, Rao submitted a final revised plan for the proposed subdivision. This final plan reduced the total number of lots to 63, reduced the number of lots bordering the Preserve from five to three and provided for a 200-foot buffer zone between the Preserve and the subdivision.[4]

Shortly thereafter, the Planning Board was provided with an ecological evaluation report conducted with respect to the site. This report found that the proposed subdivision site was "not

---

1. A secondary protection area includes "undeveloped and developed lands that are adjacent to the Preserve or Primary Protection Area and may have an influence on natural resource protection and management activities".

2. The stormwater report concluded that "[t]he storm system and detention system, as designed, will more than adequately serve the needs of this subdivision and the Town of Guilderland". Similarly, the traffic study concluded that no significant traffic impacts would result from the proposed subdivision.

3. This report failed to identify any archaeological sites within the proposed development.

4. The buffer zone consisted of a 100-foot "no disturbance area" and a 100-foot "selective management area", the latter of which would permit selective clearing, herbicide application and fire management, upon landowner consent, in accordance with the Commission's management plan for the Preserve.

representative of the unique Albany Pine Bush ecosystem" and concluded, based upon field surveys, that the site "[did] not contain any rare ecological community types, Endangered/ Threatened wildlife species or other significant ecological features".[5] During this same period, Rao submitted an extensive addendum to the EAF addressing, *inter alia*, environmental concerns raised by the State Department of Environmental Conservation (hereinafter DEC) and petitioners.

Following additional public hearings, the Planning Board determined that the proposed subdivision constituted a type I action for purposes of review pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) and issued a negative declaration as to environmental significance. Preliminary site plan approval was granted and, in August 1993, the Planning Board adopted a final SEQRA resolution setting forth its findings with respect to the subject project. Petitioners thereafter commenced this CPLR article 78 proceeding seeking, *inter alia*, to annul the Planning Board's determination. Supreme Court dismissed petitioners' first three causes of action based upon, *inter alia*, petitioners' failure to exhaust their administrative remedies and dismissed the remaining causes of action on the merits. This appeal by petitioners followed.

We affirm. Petitioners, as so limited by their brief, primarily contend that the Planning Board erred in determining that no environmental impact statement (hereinafter EIS) was required for the project and failed to take into account all relevant environmental factors prior to its issuance of the negative declaration. Initially, we note that although an EIS is presumptively required for a type I action (*see, Matter of Town of Dickinson v County of Broome*, 183 AD2d 1013, 1014), "an EIS is not a per se requirement of all type I actions" (*Matter of Save the Pine Bush v Planning Bd.*, 96 AD2d 986, 987, *appeal dismissed* 61 NY2d 668, *lv denied* 61 NY2d 602). Additionally, based upon our review of the record as a whole, we cannot say that the Planning Board failed to identify the relevant areas of environmental concern, take a " 'hard look' " at such areas and provide a reasoned elaboration for its determination (*see, Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417; *Matter of Hare v Molyneaux*, 182 AD2d 908, 910).

As noted previously, the Planning Board received numerous reports regarding the proposed subdivision's potential impact

5. Notably, no evidence of the Karner blue butterfly or the lupine plants which support them were found on the site.

upon, *inter alia*, traffic, archaeological, historical and cultural resources and environmental concerns, including the subdivision's proximity to the Preserve, and these documents plainly support the Planning Board's determination that the subdivision would not have a significant impact upon the environment. Although petitioners contend that the Planning Board failed to adequately consider the total number of acres needed to effectively manage the Preserve, this contention is belied by the record. Contrary to petitioners' assertion, the Planning Board was well aware that additional acreage was required in order to attain the 2,000 manageable acres targeted by the Commission, and there certainly is record support for the Planning Board's findings regarding the number of acres then included and available for inclusion in the Preserve. Petitioners' claim that the Planning Board failed to consider the impact of the proposed development upon the Commission's ability to adequately fire manage the adjoining areas of the Preserve is similarly unavailing, and the Planning Board's findings on this point are supported by the record. Finally, petitioners' assertion that the Planning Board failed to adequately consider mitigation measures is meritless. The mitigation measures undertaken by Rao, as set forth in the record, were the subject of extensive discussion and consideration, with the Planning Board actively soliciting input from DEC, the Commission and petitioners on this point.

In short, although it is apparent from their brief that petitioners would have liked the Planning Board to take a "harder look" at certain areas of particular concern to them, that simply is not the standard of review to be applied to the Planning Board's determination, and we cannot say, based upon our review of the record as a whole, that the Planning Board failed to fulfill its mandate in this regard. Petitioners' remaining contentions, to the extent that they have been preserved for appellate review, have been examined and found to be lacking in merit.

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.