■ In the Matter of TYRIL WILKINSON et al., Appellants, v PLANNING BOARD OF THE TOWN OF THOMPSON et al., Respondents. (And a Related Action.) [680 NYS2d 710] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Donohue, J.), entered February 17, 1998 in Sullivan County, which, *inter alia,* dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Planning Board of the Town of Thompson granting an application by respondent Wal-Mart Stores, Inc. for site plan and subdivision approval.

In these proceedings, petitioners challenge actions of respondents Town Board and Planning Board of the Town of Thompson, Sullivan County, issuing a negative declaration of significant adverse environmental impacts, granting site plan and subdivision approval, granting an application for rezoning and proposing to abandon a portion of Lanahans Road, all in connection with a project of respondent Wal-Mart Stores, Inc. for construction of a nearly 200,000-square-foot retail "supercenter" in the Town. The project site consists of approximately 35 acres of land bounded on the west by Bard Road, on the north by Anawana Lake Road, on the east by State Route 42 and the northbound entrance ramp to interchange 105 of State Route 17, and on the south by the same entrance ramp and two residential parcels, one of which is owned by petitioners Tyril Wilkinson and Rosetta Wilkinson. The site is roughly bisected by a segment of Lanahans Road which extends south from Anawana Lake Road to the then terminus of Lanahans Road at the Wilkinson residence. Under Wal-Mart's plan, nearly all of that segment of Lanahans Road would be abandoned and the underlying land conveyed to Wal-Mart, which would in turn construct and dedicate an extension from the extreme southerly portion of Lanahans Road to Bard Road, thereby providing highway access to the Wilkinson residence. Rejecting petitioners' contentions that the Planning Board's negative declaration constituted an impermissible conditioned negative declaration in a type I action (*see*, 6 NYCRR 617.2 [h]) and was not, in any event, the product of a "hard look" at rele-

vant areas of environmental concern or supported by a written "reasoned elaboration" of the reasons therefor (*see, Matter of Holmes v Brookhaven Town Planning Bd.*, 137 AD2d 601, 604, *lv denied* 72 NY2d 807), and also that respondents lack the authority to abandon Lanahans Road and convey the underlying land to a private party, Supreme Court dismissed the petitions. Petitioners appeal.

We affirm. Initially, we agree with Supreme Court's conclusion that the Planning Board's grant of a negative declaration was not arbitrary or capricious and did not constitute an abuse of discretion (*see, Matter of Cathedral Church v Dormitory Auth.*, 224 AD2d 95, 100, *lv denied* 89 NY2d 802). It is fundamental law that "[p]rior to issuing a negative declaration, an agency must evaluate numerous criteria * * * take a ' " 'hard look' " ' at relevant areas of environmental concern and make a written 'reasoned elaboration' of its basis for the determination" (*id.*, at 100 [citations omitted]). " 'A * * * negative declaration is properly issued when the agenc[y] [has] made a thorough investigation of the problems involved and reasonably exercised [its] discretion' " (*Matter of Byer v Town of Poestenkill*, 232 AD2d 851, 854, quoting *Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 364). Notably, "although an EIS is presumptively required for type I actions * * * it is not a per se requirement" (*Matter of Cathedral Church v Dormitory Auth., supra*, at 100 [citation omitted]; *see, Matter of Save the Pine Bush v Planning Bd.*, 217 AD2d 767, 769, *lv denied* 87 NY2d 803; *cf., Matter of Town of Dickinson v County of Broome*, 183 AD2d 1013, 1014).

Our review of the record supports respondents' position that the full environmental assessment form (hereinafter EAF), which was prepared by a certified environmental engineering firm engaged by Wal-Mart and filed together with the initial site plan and a traffic report in September 1996, fully conformed to applicable regulatory provisions (*see,* 6 NYCRR 617.20, appendix A). Further, following the filing of the EAF, Wal-Mart, the Planning Board (designated lead agency for environmental review), other interested agencies and members of the public engaged in a lengthy and meaningful consideration of various environmental concerns, including water supply, sewer capacity, traffic and access, environmental features, storm water runoff, Federal wetlands, historic and archaeological features and zoning. A number of open meetings were conducted between October 9, 1996 and July 9, 1997, providing the public with an opportunity to offer comments and address any potential adverse environmental impacts.

Following a comment letter and requests for additional information by the Planning Board, Wal-Mart submitted a revised EAF which addressed and accommodated identified concerns, particularly traffic impacts. Based upon traffic impact studies and State Department of Transportation review comments, Wal-Mart volunteered to undertake a number of highway improvements, including the relocation of the State Route 17 westbound off-ramp, highway widening, installation of turn lanes and traffic signal improvements at the intersection of Route 42 and Anawana Lake Road, and the installation of turn and through lanes at the entrances to the site from Anawana Lake Road and Route 42. In addition, the identification of Federal wetlands on the site caused Wal-Mart to change its site plan, moving the building so as to avoid encroachment on any wetlands and thereby eliminating the need for onsite mitigation measures. Wal-Mart also eliminated any reasonable concerns regarding water supply and sewage disposal by agreeing to obtain water for its fire protection system either from the Village of Monticello or by building its own storage tank. Domestic water is to be obtained by extension of the Town water district, with Wal-Mart bearing the cost of all extensions, including the laying of water mains and backflow prevention and metering. Similarly, Wal-Mart is to pay the cost of extending the Town sewer district and upgrading the Anawana pump station.

In view of the foregoing, we agree with Supreme Court's conclusion that the Planning Board identified the relevant areas of environmental concern and took a hard look at them. In addition, the Planning Board's lengthy and detailed rationale underlying its negative declaration belies petitioners' claim that it failed to make a "reasoned elaboration" of the basis for its determination (see, Matter of Byer v Town of Poestenkill, 232 AD2d 851, 854, supra; Matter of Cathedral Church v Dormitory Auth., supra; Matter of Save the Pine Bush v Planning Bd., supra).

Briefly addressing petitioners' remaining contentions, we are unpersuaded that the Planning Board's negative declaration constituted an impermissible conditioned negative declaration in a type I action. In this case, the lead agency did not unilaterally impose any conditions upon the issuance of the negative declaration. To the contrary, as specifically authorized by this Court in Matter of Cathedral Church v Dormitory Auth. (supra, at 102-103) and then by the Court of Appeals in Matter of Merson v McNally (90 NY2d 742), "[t]he revisions * * * came about as part of the review process and were submitted and publicly

evaluated prior to the issuance of the negative declaration" (*id.*, at 755), thereby constituting mere "adjustments incorporated by the project sponsor to mitigate the concerns identified by the public and the reviewing agencies" (*id.*, at 755). Notably, the proposed mitigating measures were incorporated as part of an open and deliberative process and had the effect of negating the project's potential adverse effects (*see, id.*, at 753). Finally, we agree with Supreme Court that Highway Law § 212-a justified abandonment of the portion of Lanahans Road that was to be unused following the extension of Lanahans Road to Bard Road.

Crew III, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.