■ In the Matter of OYSTER BAY ASSOCIATES LIMITED PARTNERSHIP et al., Respondents, v TOWN BOARD OF TOWN OF OYSTER BAY et al., Appellants. [755 NYS2d 671] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay dated June 12, 2001, which denied the petitioners' application for a special use permit, the appeal, by permission, is from an order of the Supreme Court, Suffolk County (Catterson, J.), dated July 8, 2002, which vacated the determination and remitted the matter for further proceedings.

Ordered that the order is affirmed, with one bill of costs payable by the appellants Birchwood Civic Association at Jericho, Inc., Debbi Hunter, and Warren Church.

Contrary to the appellants' contention, the Supreme Court properly determined that the denial by the Town Board of the Town of Oyster Bay (hereinafter the Town Board) of the petitioners' application for a special use permit was arbitrary and capricious. There was insufficient evidence to support a

deviation from the initial SEQRA finding of the Town Environmental Quality Review Commission, which was in favor of the proposed project (*see Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd,* 79 NY2d 373, 384 [1992]; *Matter of SCI Funeral Servs. of N.Y. v Planning Bd. of Town of Babylon,* 277 AD2d 319, 320 [2000]; *Matter of Ernalex Constr. Realty Corp. v Bellissimo,* 256 AD2d 338, 340 [1998]). Further, the Supreme Court properly determined that the Town Board abused its discretion in failing to consider the petitioners' offer of mitigation (*see Matter of Merson v McNally,* 90 NY2d 742, 753-754 [1997]; *cf. Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 429-430 [1986]).

The appellants' remaining contention is unpreserved for appellate review and, in any event, is without merit. Florio, J.P., Crane, Cozier and Rivera, JJ., concur.