■ In the Matter of OYSTER BAY ASSOCIATES LIMITED PARTNERSHIP et al., Respondents, v TOWN BOARD OF TOWN OF OYSTER BAY et al., Appellants. [801 NYS2d 612]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay dated June 12, 2001, which denied the petitioners' application for a special use permit, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Catterson, J.), dated November 25, 2003, which granted the petitioners' motion for judgment pursuant to CPLR 7806, modified a prior order of the same court dated July 8, 2002, and remitted the matter to the Town Board of the Town of Oyster Bay for the issuance of a building permit for the construction of an 860,000-square-foot shopping mall.

Ordered that the order and judgment is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the motion is denied.

This is the second appeal resulting from litigation involving the proposed construction of a shopping mall in Syosset. The petitioners originally applied to the Town Board of the Town of Oyster Bay (hereinafter the Town Board) for a special use permit and site plan approval for a 960,000-square-foot mall. The Town Board, as the lead agency, determined that the State Environmental Quality Review Act (hereinafter SEQRA) was implicated, and directed the petitioners to prepare a draft environmental impact statement (hereinafter the DEIS). A public hearing was held before the Town Environmental Quality Review Commission (hereinafter the TEQR Commission), to solicit comments on the DEIS. Thereafter, the petitioners submitted a final environmental impact statement (hereinafter

the FEIS), in which the size of the proposed mall was reduced to 860,000 square feet. On July 25, 2000, the TEQR Commission issued its initial SEQRA finding which was favorable to the petitioners.

Thereafter, at a public hearing, numerous residents objected to the mall and the Town Board instructed the TEQR Commission to revise its initial SEQRA finding. On January 16, 2001, the TEQR Commission issued its revised findings, rescinding its original SEQRA findings. In response, the petitioners offered to reduce the size of the proposed mall to 750,000 square feet. However, the Town Board never responded to that offer and on May 8, 2001, it adopted the TEQR Commission's revised SEQRA findings and rejected the petitioners' offer of mitigation as insufficient and untimely. On June 12, 2001, the Town Board denied the petitioners' application for a special use permit.

As a result, the petitioners commenced this CPLR article 78 proceeding to annul the Town Board's determination as arbitrary, capricious, and unsupported by substantial evidence. By order dated July 8, 2002, the Supreme Court vacated the Town Board's denial of the petitioners' application for a special use permit and remitted the matter to the Town Board for "further proceedings not inconsistent with this decision in regards to the application as it stands and as mitigated by the petitioners' most recent proposal to reduce the square footage to 750,000 square feet."

The Town Board, the TEQR Commission, and the intervenors Birchwood Civic Association at Jericho, Inc., Debbi Hunter, as President of Birchwood Park at Syosset Homeowners Association, and Warren Church, as President of Syosset Groves Civic Association (hereinafter collectively the appellants) appealed, by leave of this Court, from that order. By decision and order dated March 3, 2003, this Court affirmed the order dated July 8, 2002 (*see Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay,* 303 AD2d 410 [2003]).

Thereafter, the petitioners moved for judgment pursuant to CPLR 7806 directing the Town Board to issue the special use permit for an 860,000-square-foot mall. The basis for their argument was that under the law of the case doctrine, based on the language in our prior order, there was no need for further proceedings. The Supreme Court granted the motion, modified its prior order, and remitted the matter to the Town Board to issue the petitioners a *building permit* for the construction of an 860,000-square-foot mall. On appeal, the appellants argue that under the law of the case doctrine, the Supreme Court was without power to modify its prior order, particularly in light of our determination of the prior appeal.

The law of the case doctrine "is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (*Martin v City of Cohoes,* 37 NY2d 162, 165 [1975]). The doctrine " 'applies only to legal determinations that were necessarily resolved on the merits in the prior decision' " (*Gilligan v Reers,* 255 AD2d 486, 487 [1998], quoting *Baldasano v Bank of N.Y.,* 199 AD2d 184, 185 [1993]), and to the same questions presented in the same case (*see People v Evans,* 94 NY2d 499, 502 [2000]; *cf. Tillman v Women's Christian Assn. Hosp.,* 272 AD2d 979 [2000]; *Castle v Gaseteria Oil Corp.,* 263 AD2d 523, 523-524 [1999]). "Our decision on the prior appeal constitutes the law of the case, and is thus binding . . . on the Supreme Court" (*Shroid Constr. v Dattoma,* 250 AD2d 590, 593 [1998]; *see People v Martinez,* 194 AD2d 741 [1993]; *Rohring v City of Niagara Falls,* 185 AD2d 685 [1992]).

In our decision and order dated March 3, 2003 (*see Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay, supra*), we merely affirmed the Supreme Court's order of July 8, 2002, remitting the matter to the Town for further proceedings. Contrary to the petitioners' contention, our statement in that decision and order that there was "insufficient evidence to support a deviation from the initial SEQRA finding" (*Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay, supra* at 410-411) did not mandate the issuance of a special use permit, let alone a building permit, for the construction of an 860,000-square-foot mall.

We note that on the prior appeal, the petitioners did not seek leave to cross-appeal from the Supreme Court's failure to grant them the primary relief requested by them in their petition, i.e., the issuance of a special use permit, notwithstanding the motions for leave to appeal. We further note that in neither their original petition nor on this motion, did the petitioners seek the issuance of a building permit in their petition. Thus, the Supreme Court erred in directing the issuance of a building permit in the absence not only of an original request for such relief in the petition but additionally the absence of a request for this relief in the petitioners' moving papers (*see Galatti v Alliance Funding Co.,* 228 AD2d 550 [1996]; *Rubenstein v Rosenthal,* 140 AD2d 156 [1988]; *cf. J.R. Adirondack Enters. v Hartford Cas. Ins. Co.,* 292 AD2d 771 [2002]).

In any event, the Supreme Court did not have the authority to direct the Town Board to issue the petitioners a building permit. Not only did the petitioners fail to obtain site plan ap-

proval (*see* Code of Town of Oyster Bay § 246-6.2.1), but they also failed to apply for a building permit to the Town of Oyster Bay's Department of Planning and Development (*see* Code of Town of Oyster Bay § 93-20 [A]).

The petitioners' remaining contentions are without merit. Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.