■ In the Matter of OYSTER BAY ASSOCIATES LIMITED PARTNERSHIP et al., Respondents, v TOWN BOARD OF TOWN OF OYSTER BAY et al., Appellants; BIRCHWOOD CIVIC ASSOCIATION AT JERICHO, INC., et al., Intervenors-Appellants. [874 NYS2d 492]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay dated June 12, 2001, which denied the petitioners' application for a special use permit, the Town Board of Town of Oyster Bay and the Town Environmental Quality Review Commission appeal, by permission, and the intervenors Birchwood Civic Association at Jericho, Inc., Debbie Hunter, as President of Birchwood Park at Syosset Homeowners Association, and Warren Church, as President of Syosset Groves Civic Association, separately appeal, by permission, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated June 9, 2008, as, after a decision and order of this Court dated September 12, 2005 (*Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay,* 21 AD3d 964 [2005]), reversing an order and judgment (one paper) of the Supreme Court, Suffolk County (Catterson, J.), dated November 23, 2003, inter alia, granting the petitioners' motion pursuant to CPLR 7806 and directing the issuance of a building permit, and a determination of the Town Board of Town of Oyster Bay dated September 25, 2007, inter alia, rejecting certain findings made by the Town Environmental Quality Review Commission pursuant to the State Environmental Quality Review Act (ECL art 8), granted the petitioners' motion to compel the Town Board of Town of Oyster Bay to adopt those findings, to issue a special use permit to the petitioners for the construction of a shopping mall with an area measuring 750,000 square feet, and, upon submission by the petitioners of a fully-revised site plan for a 750,000-square foot shopping mall, to process and review that site plan with all due haste.

Ordered that the order dated June 9, 2008, is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the petitioners' motion is denied.

This is the third appeal in the litigation involving the proposed construction of a shopping mall in Syosset, arising

from the petitioners' applications to the Town Board of Town of Oyster Bay (hereinafter the Town Board) for a special use permit and site plan approval. Following the petitioners' application, a review process pursuant to the State Environmental Quality Review Act (ECL art 8, hereinafter SEQRA) was commenced, with the Town Board as the lead agency. A public hearing was held before the Town Environmental Quality Review Commission (hereinafter the TEQR Commission), and the petitioners submitted a Final Environmental Impact Statement (hereinafter FEIS) for a 860,000-square-foot shopping mall. On July 25, 2000, the TEQR Commission issued its initial SEQRA findings, which were favorable to the petitioners.

Following a subsequent public hearing, the Town Board instructed the TEQR Commission to revise its initial SEQRA findings. Consequently, the TEQR Commission rescinded its original findings and issued revised findings. In response, the petitioners offered to reduce the size of the proposed shopping mall to 750,000 square feet. The Town Board never responded to this offer of mitigation and, on May 8, 2001, it adopted the TEQR Commission's revised SEQRA findings, and rejected the petitioners' offer of mitigation as insufficient and untimely. On June 12, 2001, the Town Board denied the petitioners' application for a special use permit.

The petitioners then commenced this CPLR article 78 proceeding, seeking to annul the Town Board's determination as arbitrary, capricious, and not supported by evidence in the record. In an order dated July 8, 2002, the Supreme Court vacated the Town Board's denial of the petitioners' application for a special use permit, finding that the Town Board failed to identify what evidence it relied upon in deviating from the TEQR Commission's initial SEQRA recommendation. The court explained that "if the [post-FEIS] submissions are good cause for the [Town] Board to deviate from [the TEQR Commission's] original recommendations, then such evidence requires that the Town Board continue with the SEQRA process in the form of a supplemental EIS." The Supreme Court then remitted the matter to the Town Board for "further proceedings not inconsistent with this decision in regards to the application as it stands and as mitigated by the petitioners' most recent proposal to reduce the square footage to 750,000 square feet." In a decision and order dated March 3, 2003, this Court affirmed the July 8, 2002, order of the Supreme Court, stating that the Town Board had "insufficient evidence to support a deviation from the initial SEQRA finding" (*Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay*, 303 AD2d 410, 410-411 [2003]).

In an order and judgment dated November 25, 2003, the Supreme Court granted the petitioners' motion for judgment pursuant to CPLR 7806, modified the order dated July 8, 2002, and remitted the matter to the Town Board for the issuance of a building permit for the construction of an 860,000-square foot shopping mall. In a decision and order dated September 12, 2005, this Court reversed the order and judgment dated November 25, 2003, finding that our decision and order of March 3, 2003, "did not mandate the issuance of a special use permit, let alone a building permit, for the construction of an 860,000-square-foot mall" (*Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay,* 21 AD3d 964, 966 [2005]).

In an order dated June 11, 2007, the Supreme Court denied the petitioners' motion to compel the Town Board to issue a special use permit for an 860,000-square-foot shopping mall, holding that "[t]here must be follow through on the offer to mitigate impacts by reducing the application to 750,000 square [feet] as noted in those prior Court Orders." The Supreme Court thus remitted the matter to the Town Board to comply with the order dated July 8, 2002.

In response, in a resolution dated September 25, 2007, the Town Board listed numerous post-FEIS submissions which it considered in denying the petitioners' application for a special use permit for an 860,000-square-foot shopping mall. The Town Board determined that it would consider the petitioners' mitigation proposal for a 750,000-square-foot shopping mall, and requested, inter alia, a site plan for a 750,000-square-foot shopping mall, and a supplemental environmental impact statement (hereinafter SEIS) "covering the specific issues that have not yet been previously resolved."

Thereafter, the petitioners moved to compel the Town Board to adopt the TEQR Commission's July 25, 2000, SEQRA findings, issue a special use permit, and process and review the petitioners' proposed site plan. In an order dated June 9, 2008, the Supreme Court granted the petitioners' motion, directed the Town Board to adopt the TEQR Commission's July 25, 2000, SEQRA findings, issue a special use permit to the petitioners for the construction of a shopping mall measuring 750,000 square feet in area, and, upon submission by the petitioners of a fully-revised site plan for a 750,000-square-foot shopping mall, process and review the site plan with all due haste.

The Town Board appeals, by permission, and the intervenors Birchwood Civic Association at Jericho, Inc., Debbie Hunter, as President of Birchwood Park at Syosset Homeowners Associa-

tion, and Warren Church, as President of Syosset Groves Civic Association separately appeal, by permission, from the order dated June 9, 2008. We reverse the order insofar as appealed from.

The primary purpose of SEQRA is " 'to inject environmental considerations directly into governmental decision making' " (*Akpan v Koch,* 75 NY2d 561, 569 [1990], quoting *Matter of Coca-Cola Bottling Co. of N.Y. v Board of Estimate of City of N.Y.,* 72 NY2d 674, 679 [1988]). "Judicial review of an agency determination under SEQRA is limited to 'whether the agency identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination' " (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast,* 9 NY3d 219, 231-232 [2007], quoting *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417 [1986]; *see Matter of Land Master Montg I, LLC v Town of Montgomery,* 54 AD3d 408, 411 [2008]). This standard of review applies to a lead agency's determination regarding the necessity for a SEIS (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast,* 9 NY3d at 232).

In accordance with the order dated July 8, 2002, the Town Board properly identified the post-FEIS submissions which supported its deviation from the TEQR Commission's SEQRA findings. The Town Board demonstrated that the post-FEIS submissions identified areas such as traffic impacts, impacts on existing retail facilities, and impacts on residential real estate values in the surrounding area which supported its determination. The Town Board identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination. While the Town Board was authorized to seek the advice and assistance of other agencies such as the TEQR Commission (*see* 6 NYCRR 617.3 [d], [e]; 617.14 [c]), "the final determination . . . remain [ed] with the lead agency principally responsible for approving the project" (*Matter of Coca-Cola Bottling Co. of N.Y. v Board of Estimate of City of N.Y.,* 72 NY2d at 682-683).

Thus, the Supreme Court erred in determining that the Town Board's request that the petitioners prepare an SEIS was arbitrary and capricious. The Town Board, as the lead agency, "may require a supplemental EIS, limited to the specific significant adverse environmental impacts not addressed or inadequately addressed in the EIS that arise from: (a) changes proposed for the project; or (b) newly discovered information; or (c) a change in circumstances related to the project" (6 NYCRR 617.9 [a] [7] [i]; *Matter of Riverkeeper, Inc. v Planning Bd. of*

*Town of Southeast,* 9 NY3d at 231). "In making this fact-intensive determination, the lead agency has the discretion to weigh and evaluate the credibility of the reports and comments submitted to it and must assess environmental concerns in conjunction with other economic and social planning goals" (*id.* at 231, citing 6 NYCRR 617.1 [d]). Here, the Town Board's determination that the petitioners' offer of mitigation required the preparation of an SEIS was not arbitrary and capricious. As the Town Board's request for a SEIS was proper, the Supreme Court erred in directing the Town Board to issue a special use permit to the petitioners for a shopping mall measuring 750,000 square feet in area, and, upon submission by the petitioners of a fully-revised site plan for a 750,000-square-foot shopping mall, to process and review the site plan with all due haste. The Supreme Court's direction in that regard deprived the Town Board of the right to meaningfully consider a revised site plan for a 750,000-square-foot shopping mall (*see* Code of Town of Oyster Bay § 246-6.5.1).

In light of our determination, we need not address the Town Board's remaining contention.

Motion by the petitioners-respondents on appeals from an order of the Supreme Court, Suffolk County, dated June 9, 2008, to strike certain portions of the respondents-appellants' reply brief on the grounds that they refer to an issue not raised before the Supreme Court in the principal briefs, and that documentary evidence renders the argument demonstrably false. By decision and order on motion of this Court dated October 29, 2008, the motion was held in abeyance and was referred to the Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition or relation thereto, and upon the argument of the appeals, it is

Ordered that the motion is denied. Mastro, J.P., Florio, Dickerson and Eng, JJ., concur.