■ In the Matter of GREEN EARTH FARMS ROCKLAND, LLC, Respondents, v TOWN OF HAVERSTRAW PLANNING BOARD et al., Appellants. [60 NYS3d 381]—

Appeal from a judgment of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated October 15, 2014. The judgment, insofar as appealed from, (1) granted a petition filed pursuant to CPLR article 78 challenging the approval of a

development project, (2), in effect, annulled a determination that a second Supplemental Environmental Impact Statement was not required, (3) annulled a site plan approval, and (4) remitted the matter to the respondent Town of Haverstraw Planning Board for further proceedings.

Ordered that the appeal by the Town of Haverstraw Building Department is dismissed, as that party is not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,

Ordered that on the appeal by the Town of Haverstraw Planning Board and Mt. Ivy Partners, Inc., the judgment is modified, on the law, (1) by adding to the first decretal paragraph thereof, after the phrase "the petition is granted," the words "insofar as asserted by the petitioners Paint'n Place, Inc., Parkway Realty Corp., Good Counsel Realty Ltd., and 202 United Development Corp.," and (2) by adding a decretal paragraph thereto dismissing the petition insofar as asserted by the petitioner John McDowell; as so modified, the judgment is affirmed insofar as appealed from by the Town of Haverstraw Planning Board and Mt. Ivy Partners, Inc., with costs payable to the petitioners.

In 2004, a developer, Davies Farm, LLC (hereinafter Davies Farm), applied for site plan approval and a zoning amendment in connection with proposed residential and commercial development of a 53.3-acre parcel of land located in the adjacent towns of Haverstraw and Ramapo (hereinafter the proposed development plan). In April 2005, the Town of Haverstraw Planning Board (hereinafter the Planning Board), as the lead agency under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), issued a positive declaration regarding the application for the proposed development plan and required the preparation of a draft environmental impact statement (hereinafter DEIS). After the DEIS was submitted in 2006, Davies Farm changed the proposed development plan by eliminating the proposed residential development in the Town of Haverstraw to avoid the need for a zoning amendment (hereinafter the supplemental proposed development plan). In response, the Planning Board required a Supplemental Environmental Impact Statement (hereinafter SEIS) as to the supplemental proposed development plan. In November 2009, the Planning Board accepted a final SEIS and, pursuant to SEQRA, adopted a findings statement certifying that the approved supplemental proposed development plan minimized or avoided adverse environmental impacts to the maximum extent practicable. The supplemental proposed development plan at that time consisted of proposed com-

mercial development in the Town of Haverstraw (hereinafter the Haverstraw commercial phase) and a mix of residential and commercial uses, including "a deli/coffee shop" in the Town of Ramapo (hereinafter, respectively, the Ramapo residential phase and the Ramapo commercial phase).

In January 2012, the property's new owner, Mt. Ivy Partners, LLC (hereinafter Mt. Ivy), applied to the Planning Board for preliminary and final site plan approval for the Haverstraw and Ramapo commercial phases of the project. However, Mt. Ivy's proposed Ramapo commercial phase was changed to include a deli/coffee shop with gas pumps in the Town of Ramapo, and the site plan depicted a 7,000-square-foot convenience store with 16 gas pumps. After soliciting comments from the public, consultants, and other agencies, the Planning Board issued a resolution dated November 28, 2012, determining that a second SEIS was not required. The Planning Board granted the requested preliminary and final site plan approval subject to certain conditions, requiring Mt. Ivy, among other things, to obtain all required approvals from the Town of Ramapo and the Rockland County Department of Health. The resolution did not mention the proposed gas station.

The petitioners, most of whom are owners of properties near the site of the supplemental proposed development plan, commenced this proceeding pursuant to CPLR article 78 against the Planning Board, Mt. Ivy, and the Town of Haverstraw Building Department (hereinafter the Building Department). The petition sought review of the Planning Board's determination finding that the preparation of a second SEIS was not warranted and granting the application for site plan approval. In the judgment appealed from, the Supreme Court determined that all the petitioners had standing under SEQRA to challenge the Planning Board's determination. Further, the court determined that the Planning Board failed to take the requisite "hard look" at the change in the proposed development from a deli/coffee shop to a large convenience store with 16 gas pumps. Accordingly, the court granted the petition, in effect, annulled the SEQRA determination, annulled the site plan approval, and remitted the matter to the Planning Board for the preparation of a second SEIS, in effect, limited to examining whether there were significant adverse environmental impacts arising from the proposed construction of the gas station. Mt. Ivy, the Planning Board, and the Building Department appeal.

As an initial matter, in the judgment appealed from, the Supreme Court, in effect, dismissed the petition insofar as asserted against the Building Department. Accordingly, the

Building Department is not aggrieved by the judgment, and the appeal by the Building Department must be dismissed.

With respect to the issue of standing, "[t]o establish standing under SEQRA, a petitioner must show (1) an environmental injury that is in some way different from that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA" (*Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo*, 112 AD3d 726, 727-728 [2013]; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-775 [1991]; *Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d 74, 89-90 [2007]). "An injury in fact may be inferred from a showing of close proximity of the petitioner's property to the proposed development" (*Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo*, 112 AD3d at 728; *see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 687 [1996]; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 414 [1987]). Since the petitioners Paint'n Place, Inc. (hereinafter Paint'n Place), Parkway Realty Corp. (hereinafter Parkway), Good Counsel Realty Ltd. (hereinafter Good Counsel), and 202 United Development Corp. (hereinafter 202 United) own or lease properties immediately across the street from, and within 500 feet of, the site of the proposed development, the Supreme Court properly inferred an injury in fact from the close proximity of those petitioners' properties to the proposed development (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d at 414; *Citizens for St. Patrick's v City of Watervliet City Council*, 126 AD3d 1159, 1160 [2015]; *Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d at 90; *Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d 614, 616 [1998]). Moreover, those petitioners alleged environmental harm that comes within the zone of interests protected by SEQRA (*see Matter of Bloodgood v Town of Huntington*, 58 AD3d 619, 621 [2009]; *Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d at 616). Thus, the petitioners Paint'n Place, Parkway, Good Counsel, and 202 United have standing to challenge the Town Board's SEQRA determination.

However, the appellants correctly contend that the petitioner John McDowell, who lives more than 2,000 feet from the site of the proposed development, does "not live close enough to the site to be afforded a presumption of injury-in-fact based on proximity alone" (*Matter of Riverhead Neighborhood Preserv. Coalition, Inc. v Town of Riverhead Town Bd.*, 112 AD3d 944,

945 [2013]; *see Matter of O'Brien v New York State Commr. of Educ.*, 112 AD3d 188, 193-194 [2013]; *Matter of Barrett v Dutchess County Legislature*, 38 AD3d 651, 653 [2007]). Further, the petitioners failed to demonstrate that the proposed development would cause McDowell to suffer an environmental injury different from that of members of the public at large (*see Matter of Riverhead Neighborhood Preserv. Coalition, Inc. v Town of Riverhead Town Bd.*, 112 AD3d at 945; *Matter of Barrett v Dutchess County Legislature*, 38 AD3d at 654). Accordingly, the Supreme Court should have dismissed the petition insofar as asserted by McDowell (*see Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590, 595 [2005]).

With respect to the Planning Board's SEQRA determination, "[j]udicial review of a lead agency's SEQRA determination is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (*Matter of Chinese Staff & Workers' Assn. v Burden*, 19 NY3d 922, 924 [2012] [internal quotation marks omitted]). "In assessing an agency's compliance with the substantive mandates of the statute, courts must review the record to determine whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (*id.* at 924 [internal quotation marks omitted]; *see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 231-232 [2007]; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). "This standard of review applies to a lead agency's determination regarding the necessity for a SEIS" (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d at 232; *see Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay*, 58 AD3d 855, 859 [2009]).

Here, the Supreme Court properly concluded that the Planning Board failed to comply with the substantive requirements of SEQRA in determining that a second SEIS was not required prior to its approval of the site plan. As is relevant to this appeal, a lead agency may require a SEIS, "limited to the specific significant adverse environmental impacts not addressed or inadequately addressed in the EIS that arise from . . . changes proposed for the project" (6 NYCRR 617.9 [a] [7] [i]). "In making this fact-intensive determination, the lead agency has . . . discretion to weigh and evaluate the credibility of . . . reports and comments submitted to it and must assess environmental

concerns in conjunction with other economic and social planning goals" (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d at 231; *see Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay*, 58 AD3d at 860).

Although a lead agency's determination whether to require a SEIS, or a second SEIS, is discretionary (*see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d at 231), the lead agency must "consider[ ] the environmental issues requiring permits" and must make "an independent judgment that they would not create significant environmental impact" (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d at 234 n 2; *see Matter of Penfield Panorama Area Community v Town of Penfield Planning Bd.*, 253 AD2d 342, 349-350 [1999]). Here, the changes proposed for the project after the issuance of the 2009 findings statement included the construction of a large convenience store with 16 gas pumps. Although Mt. Ivy's representatives asserted that the gas station did not necessitate a second SEIS because Mt. Ivy would have to construct it in accordance with New York State requirements and would need to obtain permits from the Rockland County Department of Health during the building permit process, the Planning Board did not mention the gas station or petroleum storage in its resolution determining that a second SEIS was not required.

Under these circumstances, the Planning Board failed to take the requisite hard look at the project change adding the gas station, and did not make a reasoned elaboration of its basis for determining that a second SEIS was not necessary to address that change (*see Matter of Penfield Panorama Area Community v Town of Penfield Planning Bd.*, 253 AD3d at 349-350; *see also Matter of Town of Dickinson v County of Broome*, 183 AD2d 1013, 1014 [1992]; *cf. Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d at 229-230, 233-235; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 429-430).

Since the Planning Board failed to comply with the requirements of SEQRA, the Supreme Court properly annulled both the SEQRA determination and the site plan approval for the commercial development phase of the project (*see* 6 NYCRR 617.3 [a]; *Matter of Yellow Lantern Kampground v Town of Cortlandville*, 279 AD2d 6, 12 [2000]).

The petitioners' remaining contentions are without merit. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.