■ In the Matter of WANTAGH WOODS NEIGHBORHOOD ASSOCIATION et al., Appellants, v BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD et al., Respondents. [617 NYS2d 532] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Hempstead, dated June 3, 1992, which, after a hearing, granted the application of Herbert M. Garyn for an area variance, the petitioners appeal from (1) an order of the Supreme Court,

Nassau County (McCabe, J.), entered March 18, 1993, which denied the petitioners' application, and (2) a judgment of the same court, entered April 6, 1993, which confirmed the determination and dismissed the proceeding.

Ordered that the appeal from the order is dismissed, on the ground that it is not appealable as of right (see, CPLR 5701 [b] [1]; see also, Matter of Aho, 39 NY2d 241, 248); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent Herbert M. Garyn is awarded one bill of costs.

The respondent Herbert M. Garyn purchased a vacant parcel of property consisting of 19,200 square feet subject to the condition that the zoning regulations would not prohibit the construction of two one-family dwellings thereon. The property is located in a Residential BB zone in which, pursuant to the local zoning ordinance, a minimum frontal width of 55 feet is applicable. Garyn applied for an area variance with respect to the minimum frontal width area in order to subdivide the property into two plots and erect a one-family dwelling on each plot. The frontal width of each plot would measure 48 feet. The respondent Zoning Board of the Town of Hempstead (hereinafter the Zoning Board) approved the application.

On appeal, the petitioners claim that the determination of the Zoning Board was arbitrary, capricious, illegal, and an abuse of discretion. We disagree.

A recent amendment to Town Law § 267-b sets forth five factors to be considered by Zoning Boards of Appeal when considering requests for area variances (see, Town Law § 267-b [3] [b], as added by L 1991, ch 692, § 3). These five factors, which are a codification of the factors set forth in Matter of Wachsberger v Michalis (19 Misc 2d 909), have been cited by this Court as valid criteria for determining the merit of an area-variance application (Matter of Budget Estates v Roth, 203 AD2d 287, citing Matter of Vilardi v Roth, 192 AD2d 662, 664).

In applying those factors here, we find that the determination of the Zoning Board to grant the applications has a rational basis and is supported by substantial evidence in the record (see, Matter of Doyle v Amster, 79 NY2d 592, 595-596). The evidence in the record, including expert testimony presented on behalf of Garyn, established that it would be impracticable to force the applicant to maintain a single-family

dwelling on a parcel of property measuring 19,200 square feet in an area in which 22 of the 29 parcels within a 200-foot radius of the subject premises had lot areas less than 9,600 square feet and none had a lot area of at least 19,200 square feet. Further, the record establishes that the proposed frontal width of each home is similar to the widths of many others in the area, and would not disturb the character of the community. Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.