■ MORTON A. EPSTEIN et al., Appellants, v BOARD OF APPEALS OF THE VILLAGE OF KENSINGTON et al., Respondents. [634 NYS2d 725] —In a hybrid action and proceeding (1) pursuant to CPLR article 78 to review a determination by the Zoning Board of Appeals of the Village of Kensington dated June 15, 1993 which, after a hearing, denied the petitioners'/plaintiffs' application for a variance, and (2) for a judgment declaring that Kensington Village Code § 151-13 (C) (10) is unconstitutional, the petitioners/plaintiffs appeal from (1) a judgment of the Supreme Court, Nassau County (Kohn, J.), dated April 15, 1994, which denied the petition and dismissed the proceeding, and (2) an order and judgment (one paper) of the same court, entered June 1, 1994, which (a) denied their motion, *inter alia,* to reargue the dismissal of the proceeding and, (b) upon grant-

ing the defendants' cross motion for summary judgment, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from so much of the order and judgment entered June 1, 1994, as denied the branch of the petitioners'/plaintiffs' motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment dated April 15, 1994, is affirmed; and it is further,

Ordered that the order and judgment entered June 1, 1994, is modified, on the law, by adding thereto a provision declaring that Kensington Village Code § 151-13 (C) (10) is constitutional in that it does not discriminate against the petitioners'/ plaintiffs' property; as so modified, the order and judgment is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Review of the decision of the Zoning Board of Appeals of the Village of Kensington (hereinafter the Board) concerning the petitioners'/plaintiffs' application for a variance is limited to whether the Board's decision has a rational basis and is supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Fox v Corcoran, 172 AD2d 523; Matter of Perger v Zoning Bd. of Appeals, 146 AD2d 698). A court may not substitute its discretion for that of the Board's unless the Board's decision is arbitrary or contrary to law (see, Matter of Brucia v Planning Bd., 157 AD2d 657). We find that the Board's decision in the present case both had a rational basis and was supported by substantial evidence.

Additionally, it is well settled that "zoning ordinances * * * enjoy a strong presumption of constitutionality and if there is a reasonable relation between the end sought to be achieved and the means adopted to achieve it the regulation will be upheld" (Matter of Town of Islip v Caviglia, 73 NY2d 544, 550-551). The party challenging a zoning law must establish its unconstitutionality beyond a reasonable doubt (see, Lighthouse Shores v Town of Islip, 41 NY2d 7, 11). In the present case, the court correctly determined that the subject zoning law has a reasonable relationship to a legitimate government objective (see, Marcus Assocs. v Town of Huntington, 45 NY2d 501, 506). While the petitioners/plaintiffs may experience disparate treatment in this case, this is not a sufficient basis for voiding a zoning provision (see, Kasper v Town of Brookhaven, 142 AD2d 213, 220).

Finally, we note that in connection with the declaratory

judgment action the Supreme Court should have directed the entry of a declaration in favor of the defendants rather than dismissal of the complaint (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901).

We have considered the petitioners'/plaintiffs' remaining contentions and find that they are without merit. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.