Matter of Capetola v Town of Riverhead (2021 NY Slip Op 01408)





Matter of Capetola v Town of Riverhead


2021 NY Slip Op 01408


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-11686
 (Index No. 1431/19)

[*1]In the Matter of Anthony A. Capetola, etc., et al., appellants,
v
Town of Riverhead, et al., respondents.


Anthony A. Capetola, Williston Park, NY (Robert P. Johnson of counsel), appellant pro se and for appellant Julianne T. Capetola.
Siegel & Sitler, PLLC, Hauppauge, NY (Philip J. Siegel of counsel), for respondents Town of Riverhead, Zoning Board of Appeals of the Town of Riverhead, and Building Department of the Town of Riverhead.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Jennifer Nigro of counsel), for respondents Overlook Drive, LLC, and Edward Hocker.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the the respondent/defendant Zoning Board of Appeals of the Town of Riverhead dated September 27, 2018, which, after a hearing, inter alia, granted the application of the respondent/defendant Edward Hocker for certain area variances, and action for injunctive relief, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated August 7, 2019. The judgment denied the petition and, in effect, dismissed the proceeding/action.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
In 1985, Edward Hocker obtained a parcel of land located at 254 Overlook Drive in Aquebogue. In 2004, the area in which the subject parcel is located was rezoned, and that parcel is now located in the RB-40 Zoning District of the Town of Riverhead. In 2018, a building inspector for the Town of Riverhead rejected Hocker's application for a building permit to construct a house on the subject parcel, finding that the project did not comply with certain requirements of the RB-40 Zoning District. Thereafter, Hocker applied to the Zoning Board of Appeals of the Town of Riverhead (hereinafter ZBA) for four variances with respect to the requirements identified by the building inspector, which related to impervious surface coverage, front yard setback, side yard setback, and combined side yard setbacks.
At the public hearing concerning Hocker's application, the petitioners/plaintiffs (hereinafter the petitioners), who own a house close to the subject parcel, complained that, among other things, Hocker needed a lot size area variance to build on the subject parcel. After the hearing, the ZBA granted Hocker's application for the four variances. The ZBA also determined that Hocker did not need a lot size area variance. The petitioners then commenced this hybrid CPLR article 78 proceeding to review the ZBA's determination and action for injunctive relief against the Town, the [*2]ZBA, and Hocker, among others. The Supreme Court denied the petition and, in effect, dismissed the proceeding/action. The petitioners appeal.
In considering an application for area variances, Town Law § 267-b(3)(b) requires a zoning board to engage in a balancing test, weighing the benefit to the petitioner against the detriment to the health, safety, and welfare of the neighborhood or community if the area variances are granted (see Matter of Sasso v Osgood, 86 NY2d 374, 384). A zoning board must consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b[3][b]; see Matter of Sasso v Osgood, 86 NY2d at 382; Matter of Harn Food, LLC v DeChance, 159 AD3d 819, 820). "Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (Matter of Ifrah v Utschig, 98 NY2d 304, 308; see Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509).
Here, the record demonstrates that the ZBA engaged in the required balancing test and considered the relevant statutory factors in granting the application for area variances (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 614; Matter of Nowak v Town of Southampton, 174 AD3d 901, 905). Contrary to the petitioners' contention, the evidence before the ZBA supported its findings that the requested relief would not produce an undesirable change in the character of the neighborhood, have an adverse impact on the physical or environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community, even if the proposed variances were arguably substantial (see Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d 754, 756; Matter of Wantagh Woods Neighborhood Assn. v Board of Zoning Appeals of Town of Hempstead, 208 AD2d 935, 936-937). Additionally, the difficulty was not self-created (see Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn., 138 AD3d 996, 998; Matter of Eung Lim-Kim v Zoning Board of Appeals of the Village of Irvington, 185 AD2d 346, 347-348). Accordingly, the Supreme Court properly denied the petition.
Contrary to the petitioners' contention, any error by the ZBA in determining that Hocker did not require a lot size area variance, and any error in the Supreme Court confirming that determination, does not require remittal of this proceeding to the ZBA for a new determination. Unless otherwise provided for by local law or ordinance, a zoning board of appeals' jurisdiction is appellate only, and in the absence of an administrative determination to review, a zoning board of appeals is without power to grant a variance or render a de novo determination with respect to an issue not determined by an administrative official (see Town Law § 267-a[4]; Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc., 169 AD3d 995, 997-998; Matter of McDonald's Corp. v Kern, 260 AD2d 578; Matter of Brenner v Sniado, 156 AD2d 559; Moriarty v Planning Bd. of Vil. of Sloatsburg, 119 AD2d 188, 196). Here, the only issues to be decided by the ZBA were with respect to the four variances sought by Hocker in his application to the ZBA, upon his appeal from the determination of the building inspector identifying those four requirements of the relevant building code (see Town Law § 267-b[3][a]). There was no determination of an administrative official regarding the need for a lot size area variance for the ZBA to review, and there was no appeal by the petitioners to the ZBA. Since the ZBA was without jurisdiction to decide the need for a lot size variance, any error by the ZBA in determining that issue does not require remittal of this matter to the ZBA for a new determination.
The petitioners' remaining contention is not properly before this Court.
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court