Matter of 1160 Mamaroneck Ave. Corp. v City of White Plains (2022 NY Slip Op 06923)

Matter of 1160 Mamaroneck Ave. Corp. v City of White Plains

2022 NY Slip Op 06923

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2018-11308
 (Index No. 1831/17)

[*1]In the Matter of 1160 Mamaroneck Avenue Corp., appellant, 
v
City of White Plains, et al., respondents.

McCullough, Goldberger & Staudt, LLP, White Plains, NY (Patricia W. Gurahian of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains, NY (Peter A. Meisels and John B. Martin of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a negative declaration of the respondent/defendant City of White Plains pursuant to the State Environmental Quality Review Act, dated January 3, 2017, made in connection with certain amendments to the zoning ordinance of the respondent/defendant City of White Plains, and to annul the amendments to the zoning ordinance, and action for a judgment declaring that the amendments to the zoning ordinance are invalid as arbitrary and unconstitutional, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Paul I. Marx, J.), dated July 23, 2018. The order and judgment granted the motion of the respondents/defendants for summary judgment dismissing the petition/complaint, denied the petition, and dismissed the proceeding/action.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof dismissing so much of the proceeding/action as sought a judgment declaring that the amendments to the zoning ordinance are invalid as arbitrary and unconstitutional, and adding thereto a provision declaring that the amendments to the zoning ordinance are not invalid as arbitrary and unconstitutional; as so modified, the order and judgment is affirmed, with costs to the respondents/defendants.
The petitioner/plaintiff, 1160 Mamaroneck Avenue Corp., is the owner of real property located within the respondent/defendant City of White Plains, upon which it operates a nursery. The petitioner/plaintiff's nursery is a nonconforming nursery use located in a residential district. The petitioner/plaintiff's operations include the processing, grinding, and composting of raw materials such as top soil, wood chips, and mulch (hereinafter processing activities). In January 2017, the City's Common Council, upon determining that processing activities had various harmful effects that were incompatible within residential districts, adopted amendments to the City's zoning ordinance (hereinafter the zoning amendments) which ban processing activities by nurseries located within a residential district. The zoning amendments had been considered a Type I action under the State Environmental Quality Review Act (hereinafter SEQRA), and were given a negative declaration pursuant to SEQRA by the Common Council, following its environmental review thereof as lead agency.
The petitioner/plaintiff then commenced this hybrid proceeding pursuant to CPLR article 78 to review the negative declaration and to annul the zoning amendments, and action for a judgment declaring that the zoning amendments are invalid as arbitrary and unconstitutional. The City, the City's Mayor, and the Common Council (hereinafter collectively the respondents/defendants), moved for summary judgment dismissing the petition/complaint. In an order and judgment dated July 23, 2018, the Supreme Court granted the motion, denied the petition, and dismissed the proceeding/action. The petitioner/plaintiff appeals.
Standing to bring a SEQRA challenge is a threshold issue, and the burden of establishing standing is on the party seeking review of governmental action on the basis of alleged procedural and substantive SEQRA violations (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769).
"To establish standing under SEQRA, a petitioner must show (1) an environmental injury that is in some way different from that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA" (Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d 726, 727-728). Further, to qualify for standing to raise a SEQRA challenge, a party must demonstrate that it will suffer an injury that is environmental and not solely economic in nature (see Matter of County Oil Co., Inc. v New York City Dept. of Envtl. Protection, 111 AD3d 718, 719). Economic injury is not by itself within the zone of interests which SEQRA seeks to protect (see Society of Plastics Indus. v County of Suffolk, 77 NY2d at 777; Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428, 433; Matter of Board of Fire Commrs. of the Fairview Fire Dist. v Town of Poughkeepsie Planning Bd., 156 AD3d 621, 623). Here, the gravamen of the petition/complaint is that the zoning amendments will cause the petitioner/plaintiff to suffer economic harm. Such allegations are insufficient to confer standing to challenge the adequacy of the Common Council's environmental review of the zoning amendments under SEQRA (see Matter of County Oil Co., Inc. v New York City Dept. of Envtl. Protection, 111 AD3d 718; Matter of Bridon Realty Co. v Town Bd. of Town of Clarkstown, 250 AD2d 677). Accordingly, the Supreme Court correctly granted that branch of the motion which was for summary judgment dismissing so much of the petition/complaint as sought to review the negative declaration.
"It is well settled that facial constitutional challenges are disfavored. 'Legislative enactments enjoy a strong presumption of constitutionality . . . [and] parties challenging a duly enacted statute face the initial burden of demonstrating the statute's invalidity beyond a reasonable doubt. Moreover, courts must avoid, if possible, interpreting a presumptively valid statute in a way that will render it unconstitutional'" (Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d 586, 593, quoting LaValle v Hayden, 98 NY2d 155, 161). "As legislative acts, zoning ordinances carry" that same "presumption of constitutionality" (Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville, 51 NY2d 338, 344).
Where, as here, "the challenged legislation does not involve a suspect class or interfere with the exercise of a fundamental right, the scope of judicial review" on an equal protection claim "is limited to whether the classification is rationally related to a legitimate governmental objective" (Terminello v Village of Piermont, 92 AD3d 673, 674; see Country Bank v Broderick, 120 AD3d 463, 464-465). Likewise, for facial substantive due process challenges, a zoning ordinance must be upheld where it "is adopted for a legitimate governmental purpose and there is a 'reasonable relation between the end sought to be achieved by the regulation and the means used to achieve that end'" (Asian Ams. for Equality v Koch, 72 NY2d 121, 132, quoting McMinn v Town of Oyster Bay, 66 NY2d 544, 549; see Epstein v Board of Appeals of Vil. of Kensington, 222 AD2d 396, 397; Kasper v Town of Brookhaven, 142 AD2d 213, 217-218). While municipalities may "enact land-use restrictions or controls to enhance the quality of life by preserving the character and desirable aesthetic features of the community" (Matter of Wallach v Town of Dryden, 23 NY3d 728, 743 [internal quotation marks omitted]), zoning laws must generally be enacted in accordance with a comprehensive land use plan (see Asian Ams. for Equality v Koch, 72 NY2d at 131; Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 88).
Here, the respondents/defendants demonstrated, prima facie, that the zoning amendments were rationally related to a legitimate governmental purpose, and that there was a reasonable relation between the end sought to be achieved by the zoning amendments and the means used to achieve that end. The respondents/defendants further demonstrated, prima facie, that the zoning amendments are in accordance with a well-considered comprehensive plan, and fall within the bounds of the zoning power delegated to the City by statute (see Asian Ams. for Equality v Koch, 72 NY2d at 121; Matter of JDM Holdings, LLC v Village of Warwick, 200 AD3d 880; Hogue v Village of Dering Harbor, 199 AD3d 904). In opposition, the petitioner/plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted that branch of the motion which was for summary judgment dismissing so much of the petition/complaint as sought to annul the zoning amendments.
Finally, the Supreme Court should not have dismissed so much of the proceeding/action as sought a judgment declaring that the zoning amendments are invalid as arbitrary and unconstitutional, but rather should have entered a judgment making the appropriate declaration (see Matter of JDM Holdings, LLC v Village of Warwick, 200 AD3d at 883; C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 64). Accordingly, we modify the order and judgment by adding thereto a provision declaring that the zoning amendments are not invalid as arbitrary and unconstitutional (see Lanza v Wagner, 11 NY2d 317, 334).
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court