Matter of Nunnally v Zoning Bd. of Appeals of the Town of New Windsor (2023 NY Slip Op 03466)

Matter of Nunnally v Zoning Bd. of Appeals of the Town of New Windsor

2023 NY Slip Op 03466

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-05350
 (Index No. 196/20)

[*1]In the Matter of David Nunnally, appellant, 
v
Zoning Board of Appeals of the Town of New Windsor, et al., respondents.

Law Office of Charles T. Bazydlo, P.C., Thompson Ridge, NY, for appellant.
Drake Loeb PLLC, New Windsor, NY (Ralph L. Puglielle, Jr., of counsel), for respondent Zoning Board of Appeals of the Town of New Windsor.
Zarin & Steinmetz, White Plains, NY (Jody T. Cross of counsel), for respondent Windsor Hospitality, LLC.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of New Windsor dated December 9, 2019, which, after a hearing, granted the application of the respondent Windsor Hospitality, LLC, for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated June 15, 2020. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs.
The petitioner owns the property and residence at 30 Liner Road, New Windsor. Across Liner Road from the petitioner's property, at 915 Union Avenue, is property owned by the respondent Windsor Hospitality, LLC (hereinafter Windsor Hospitality). Windsor Hospitality's property is approximately 6.8 acres and contains an existing two-story, 97-room hotel. Both the petitioner's property and Windsor Hospitality's property are located within a Highway Commercial zoning district (hereinafter HC zoning district), which exists to "encourage a full range of commercial activity along major highways" (Code of the Town of New Windsor § 300-3[A][8]). The two properties are surrounded by other commercial properties, including a Sonic fast food restaurant, a Walmart Supercenter, and a self-storage facility.
In 2015, Windsor Hospitality first applied to the respondent Zoning Board of Appeals of the Town of New Windsor (hereinafter the ZBA) for area variances to construct two new hotels on its property. In a determination dated January 28, 2016, the ZBA granted the application for area variances. In a proceeding pursuant to CPLR article 78, the Supreme Court annulled the ZBA's determination and remitted the matter to the ZBA for review pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). Windsor Hospitality thereafter completed the environmental impact statement and the SEQRA process, ultimately obtaining a statement of findings from the Town of New Windsor Planning Board in October 2019 approving the proposed [*2]project.
Windsor Hospitality then reapplied to the ZBA for area variances for the two proposed hotels. Hotel A is a five-story, 102-room hotel located approximately 250 feet from the petitioner's property line, and Windsor Hospitality sought one area variance for its maximum building height. Hotel B is a four-story, 88-room hotel located approximately 1,050 feet from the petitioner's property line. Windsor Hospitality sought three area variances for Hotel B: a variance for the maximum building height, a variance for the minimum side-yard setback requirement, and a variance for the minimum total side-yard setback requirement. On November 25, 2019, the ZBA held a public hearing on the application, during which the petitioner spoke in opposition. After the hearing, in a determination dated December 9, 2019, the ZBA granted Windsor Hospitality's application for the area variances.
The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. In a judgment dated June 15, 2020, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
The Supreme Court correctly determined that the petitioner lacked standing to challenge the portion of the ZBA's determination regarding the Hotel B area variances. Generally, a petitioner must establish standing by showing that it will suffer an injury-in-fact and that the alleged injury falls within the zone of interests sought to be protected by the statute (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 774; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 414). In land use matters, a petitioner must establish standing by showing "that it would suffer direct harm, injury that is in some way different from that of the public at large" (Society of Plastics Indus. v County of Suffolk, 77 NY2d at 774). When zoning and variances are at issue, "an inference of direct harm may arise from the petitioner's proximity to the property that is the subject of the administrative action: the closer the petitioner, the stronger the inference" (Matter of Panevan Corp. v Town of Greenburgh, 144 AD3d 806, 807). Hotel B would be approximately 1,050 feet from the petitioner's property line, which is too far a distance to allow a presumption of an injury-in-fact (see Matter of Riverhead Neighborhood Preserv. Coalition, Inc. v Town of Riverhead Town Bd., 112 AD3d 944, 945; Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d 726, 728; Matter of Green Earth Farms Rockland, LLC v Town of Haverstraw Planning Bd., 153 AD3d 823, 826). The petitioner has not otherwise established standing to challenge the Hotel B area variances by showing, beyond merely conclusory statements, a cognizable injury that falls within the zone of interests and is different from that of the public at large (see Society of Plastics Indus. v County of Suffolk, 77 NY2d at 777).
Contrary to the petitioner's contention, the portion of the ZBA's determination regarding the Hotel A area variance was not arbitrary and capricious. In considering an application for area variances, Town Law § 267-b(3)(b) requires a zoning board to consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance."
"Local zoning boards have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Harn Food, LLC v DeChance, 159 AD3d 819, 819). For that reason, the "scope of judicial review of a determination by a zoning board is limited to an examination of whether the determination has a rational basis and is supported by substantial evidence" (Matter of Calvi v Zoning Bd. of Appeals of City of Yonkers, 238 AD2d 417, 418; see Matter of Zapson v Zoning Bd. of Appeals of the City of Long Beach, 193 AD3d 948, 948; Matter of Harn Food, LLC v DeChance, 159 AD3d at 819-820).
Here, the record demonstrates that the ZBA engaged in the required balancing test and considered the relevant statutory factors in granting the area variance relating to Hotel A (see Matter of Fowlkes v Board of Zoning Appeals of Town of N. Hempstead, 52 AD3d 711, 712). The evidence before the ZBA supported its conclusion that the variance would not produce an undesirable change in the character of the neighborhood or a detriment to nearby properties, specifically because of the subject properties' location within a highly commercial HC zoning district. The ZBA also considered at least three alternatives, ultimately determining that the instant project was the one that minimized community and environmental effects with the fewest variances possible. The record also substantially supports the ZBA's conclusion that the variance was numerically minimal and overall insubstantial in its effect on the surrounding area (see Matter of Townwide Props. v Zoning Bd. of Appeals of Town of Huntington, 143 AD2d 757, 759; Matter of Millennium Custom Homes, Inc. v Young, 58 AD3d 740, 742). Although the difficulty was self-created, that factor was not determinative (see Matter of Peccoraro v Humenik, 258 AD2d 465, 465).
The petitioner's contention that the ZBA's determination approving the variances should be annulled because it did not include all of the variances required for the project is without merit. Generally, the ZBA's jurisdiction is "appellate only, and in the absence of an administrative determination to review, a zoning board of appeals is without power to grant a variance or render a de novo determination with respect to an issue not determined by an administrative official" (Matter of Capetola v Town of Riverhead, 192 AD3d 789, 792). Here, the only issues to be decided by the ZBA were with regard to the four variances sought by Windsor Hospitality in its application to the ZBA. There was no determination by an administrative official regarding the need for any other area variances. As the ZBA was without jurisdiction to determine the need for additional variances, "any error by the ZBA in determining that issue does not require remittal of this matter to the ZBA for a new determination" (id. at 792; see Matter of Angel Plants v Schoenfeld, 154 AD2d 459, 461).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
In light of our determination, we need not reach the parties' remaining contention.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court