Matter of Rausman v Zoning Bd. of Appeals of the Town of Ramapo (2024 NY Slip Op 01313)

Matter of Rausman v Zoning Bd. of Appeals of the Town of Ramapo

2024 NY Slip Op 01313

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-07302
 (Index No. 30050/20)

[*1]In the Matter of Norman Rausman, et al., appellants,
v
Zoning Board of Appeals of the Town of Ramapo, respondent-respondent, et al., respondents.

Kevin T. Conway, New City, NY, for appellant Norman Rausman.
Itamar Yeger, Town Attorney, Suffern, NY (Alyssa M. Slater of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Ramapo dated December 4, 2019, which, after a hearing, granted the application of Joseph Ryglewicz for area variances, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated September 4, 2020. The order and judgment, insofar as appealed from by the petitioner Norman Rausman, denied the petition and, in effect, dismissed the proceeding. The appeals by the remaining petitioners were deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order and judgment is affirmed insofar as appealed from by the petitioner Norman Rausman, with costs.
Joseph Ryglewicz applied to the Zoning Board of Appeals of the Town of Ramapo (hereinafter the ZBA) for variances to build a two-family dwelling with one accessory apartment on his property. After a public hearing, the ZBA granted the application. Norman Rausman (hereinafter the petitioner), and other neighbors who opposed the application, commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"Local zoning boards have broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of deBordenave v Village of Tuxedo Park Bd. of Zoning Appeals, 168 AD3d 838, 839; see Matter of Fuhst v Foley, 45 NY2d 441, 444). "Where, as here, a zoning board's determination is made after a public hearing, its determination should be upheld if it has a rational basis and is supported by evidence in the record" (Matter of deBordenave v Village of Tuxedo Park Bd. of Zoning Appeals, 168 AD3d at 839; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Fuhst v Foley, 45 NY2d at 444).
"In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing 'the benefit to the applicant if the variance is granted . . . against the detriment to the health, safety and welfare of the neighborhood or community by such grant'" (Matter of Nowak v Town of Southampton, 174 AD3d 901, 904-905, quoting Town Law § 267-b[3][b]). In making that determination, the zoning board must consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby [*2]properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b[3][b]).
Here, the ZBA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Nunnally v Zoning Bd. of Appeals of the Town of New Windsor, 217 AD3d 950, 953; Matter of Capetola v Town of Riverhead, 192 AD3d 789, 791; Matter of Nowak v Town of Southampton, 174 AD3d at 905). Contrary to the petitioner's contentions, the evidence before the ZBA supported its findings that the requested relief would not produce an undesirable change in the character of the neighborhood, have an adverse impact on the physical or environmental conditions in the neighborhood or district, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community, even if the proposed variances were arguably substantial and the alleged difficulty was self-created (see Matter of Nunnally v Zoning Bd. of Appeals of the Town of New Windsor, 217 AD3d at 953-954; Matter of Nowak v Town of Southampton, 174 AD3d at 905; Matter of deBordenave v Village of Tuxedo Park Bd. of Zoning Appeals, 168 AD3d at 839). The generalized and unsubstantiated complaints from neighbors, unsupported by empirical or expert evidence, were insufficient to provide a basis upon which to deny the application (see Matter of Ifrah v Utschig, 98 NY2d 304, 308; Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 75-76).
Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court