Matter of Figueroa v Town of Wallkill (2024 NY Slip Op 05592)

Matter of Figueroa v Town of Wallkill

2024 NY Slip Op 05592

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-06192
 (Index No. 1343/21)

[*1]In the Matter of Ovid Figueroa, appellant,
v
Town of Wallkill, respondent.

Sussman and Associates, Goshen, NY (Michael H. Sussman of counsel), for appellant.
Blustein, Shapiro, Frank & Barone, LLP, Goshen, NY (William A. Frank and Brian M. Newman of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to annul a resolution of the Town Board of the Town of Wallkill dated March 26, 2020, adopting Local Law No. 1 of 2020 of the Town of Wallkill, which amended Town Code of the Town of Wallkill § 249-82, and issuing a negative declaration of environmental significance pursuant to the State Environmental Quality Review Act (ECL art 8) with respect to the proposed action, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated July 28, 2021. The order and judgment granted the respondent's motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, in effect, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
On March 26, 2020, the Town Board of the Town of Wallkill (hereinafter the Town Board) adopted Local Law No. 1 of 2020 of the Town of Wallkill, which amended Town Code of the Town of Wallkill § 249-82 "to permit multi-unit, high density residential apartments exclusively in the Town Center Zoning District as a primary use within a Planned Residential Development Overlay District." The Town Board also issued a negative declaration of environmental significance pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) with respect to the proposed action following its environmental review thereof as lead agency. Subsequently, the petitioner, a resident of the respondent, Town of Wallkill, commenced this proceeding pursuant to CPLR article 78 to annul the resolution dated March 26, 2020. The petitioner alleged, inter alia, that the Town Board's action was arbitrary and capricious because the Town Board failed to conduct an adequate review under SEQRA. The Town moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition on the ground that the petitioner lacked standing. In an order and judgment dated July 28, 2021, the Supreme Court granted the motion, in effect, denied the petition, and dismissed the proceeding. The petitioner appeals.
"Standing to bring a SEQRA challenge is a threshold issue, and the burden of establishing standing is on the party seeking review of governmental action on the basis of alleged procedural and substantive SEQRA violations" (Matter of 1160 Mamaroneck Ave. Corp. v City of White Plains, 211 AD3d 723, 724; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, [*2]769). "To establish standing under SEQRA, a petitioner must show (1) an environmental injury that is in some way different from that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA" (Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d 726, 727-728; see Matter of 1160 Mamaroneck Ave. Corp. v City of White Plains, 211 AD3d at 724). "An injury in fact may be inferred from a showing of close proximity of the petitioner's property to the proposed development" (Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d at 728; see Matter of Airport Parking Assoc., LLC v Town of N. Castle, NY, 200 AD3d 684, 686). "Generally, the relevant distance is the distance between the petitioner's property and the actual structure or development itself, not the distance between the petitioner's property and the property line of the site" (Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d at 728; see Matter of Airport Parking Assoc., LLC v Town of N. Castle, NY, 200 AD3d at 686).
Here, the petitioner failed to establish that his property was located in sufficiently close proximity to the subject location to give rise to standing (see Matter of Nunnally v Zoning Bd. of Appeals of the Town of New Windsor, 217 AD3d 950, 952; Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d at 728; Matter of Gallahan v Planning Bd. of City of Ithaca, 307 AD2d 684, 685). The petitioner failed to otherwise establish standing by demonstrating a cognizable injury different from that of members of the public at large (see Matter of Nunnally v Zoning Bd. of Appeals of the Town of New Windsor, 217 AD3d at 952; Matter of Gallahan v Planning Bd. of City of Ithaca, 307 AD2d at 685).
Accordingly, the Supreme Court properly granted the Town's motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, in effect, denied the petition, and dismissed the proceeding.
In light of our determination, we need not reach the petitioner's remaining contention.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court