Matter of Carella v Zoning Bd. of Appeals of the Town of Ramapo (2025 NY Slip Op 01092)

Matter of Carella v Zoning Bd. of Appeals of the Town of Ramapo

2025 NY Slip Op 01092

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-09120
 (Index No. 30932/22)

[*1]In the Matter of Angelina Carella, appellant,
v
Zoning Board of Appeals of the Town of Ramapo, et al., respondents.

Wayne A. Gavioli, P.C., Nanuet, NY, for appellant.
Itamar Yeger, Town Attorney, Suffern, NY (Alyssa M. Slater and Amy Mele of counsel), for respondent Zoning Board of Appeals of the Town of Ramapo.
Joseph A. Churgin, Nanuet, NY, for respondent Marvin Rubenstein.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review an amended determination of the Zoning Board of Appeals of the Town of Ramapo dated February 22, 2022, which, after a hearing, granted the application of Marvin Rubinstein for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated October 13, 2022. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs.
Marvin Rubinstein applied for area variances for a property located in Spring Valley. On February 22, 2022, after a hearing, the Zoning Board of Appeals for the Town of Ramapo (hereinafter the ZBA) issued an amended determination granting certain area variances. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the ZBA's amended determination. In a judgment dated October 13, 2022, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 205 AD3d 1019, 1021 [internal quotation marks omitted]; see Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949, 949). "The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational" (Matter of Seaview Assn. of Fire Is., NY, Inc., v Town of Islip Zoning Bd. of Appeals, 221 AD3d 717, 718 [internal quotation marks omitted]; see Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d 682, 683). "A determination is rational if it has some objective factual basis" (Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 205 AD3d at 1021 [internal quotation marks omitted]; see Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town [*2]of Hempstead, 200 AD3d at 683; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772).
In considering applications for area variances, the ZBA must "take into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (Town Law § 267-b[3][b]); see Matter of deBordenave v Village of Tuxedo Park Bd. of Zoning Appeals, 168 AD3d 838, 839). The ZBA must also consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b[3][b]).
Here, the ZBA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Rausman v Zoning Bd. of Appeals of the Town of Ramapo, 225 AD3d 705, 707; Matter of Capetola v Town of Riverhead, 192 AD3d 789, 791). Contrary to the petitioner's contention, the evidence before the ZBA supported its findings that the requested relief would not produce an undesirable change in the character of the neighborhood, have an adverse impact on the physical or environmental conditions in the neighborhood, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community, even if the proposed variances were arguably substantial and the alleged difficulty was self-created (see Matter of Rausman v Zoning Bd. of Appeals of the Town of Ramapo, 225 AD3d at 707; Matter of Nunnally v Zoning Bd. of Appeals of the Town of New Windsor, 217 AD3d 950, 953).
Contrary to the petitioner's contention, the ZBA did not violate General Municipal Law § 239-m(3). The record demonstrates that the ZBA responded to each of the comments provided by the Rockland County Planning Department, and the petitioner failed to establish that any of the ZBA's responses was insufficient (see Matter of Village of Pomona v Town of Ramapo, 155 AD3d 754, 754; Matter of Village of Kiryas Joel, N.Y. v Village of Woodbury, N.Y., 138 AD3d 1008, 1011-1012).
The petitioner's remaining contention is without merit.
CONNOLLY, J.P., GENOVESI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court