Matter of Town of Carmel v New York City Water Bd.
2026 NY Slip Op 03680
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Town of Carmel, etc., appellant,
v
New York City Water Board, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-05670, (Index No. 501430/23)
Francesca E. Connolly, J.P.
Paul Wooten
Janice A. Taylor
Carl J. Landicino, JJ.

Costello & Folchetti, LLP, Carmel, NY (Gregory L. Folchetti of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Melanie T. West and Jeremy W. Schweder of counsel), for respondent.

[*1]
DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Putnam County (Joseph J. Spofford, Jr., J.), dated April 4, 2024. The order and judgment, in effect, granted the respondent/defendant's motion pursuant to CPLR 3211(a) to dismiss the petition/complaint and dismissed the proceeding/action.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof, in effect, granting that branch of the respondent/defendant's motion which was pursuant to CPLR 3211(a) to dismiss so much of the fifth cause of action as sought a judgment declaring that the respondent/defendant is acting in contravention of an established statutory scheme for setting rates for excess water consumption, and adding thereto a provision deeming that branch of the motion to be for a declaratory judgment in favor of the respondent/defendant, and thereupon granting that branch of the motion, and (2) by deleting the provision thereof dismissing so much of the fifth cause of action as sought a declaratory judgment, and adding thereto a provision declaring that the respondent/defendant is not acting in contravention of an established statutory scheme for setting rates for excess water consumption; as so modified, the order and judgment is affirmed, with costs to the respondent/defendant.
The petitioner/plaintiff (hereinafter the petitioner) is a municipal water district of the Town of Carmel in Putnam County. To provide potable water to its users, the petitioner drew water from Lake Gleneida, a natural body of water owned by the City of New York. The water drawn from Lake Gleneida by the petitioner was metered by the New York City Water Board (hereinafter the Water Board). In 2023, the Water Board gave public notice of proposed increases in the water rates charged for water made available to customers located north of the City from the City's water supply system for fiscal year 2024. In a letter dated May 27, 2023, the petitioner objected to the rate increases. In a determination dated June 6, 2023, the Water Board adopted the proposed rate increases.
In September 2023, the petitioner commenced this hybrid proceeding pursuant to CPLR article 78, inter alia, to annul the Water Board's determination and action for declaratory relief [*2]against the Water Board. The Water Board moved pursuant to CPLR 3211(a) to dismiss the petition/complaint. In an order and judgment dated April 4, 2024, the Supreme Court, in effect, granted the Water Board's motion and dismissed the proceeding/action. The petitioner appeals.
With respect to the petitioner's requests for relief which were pursuant to CPLR article 78 in the first and fifth causes of action challenging the general authority of the Water Board to set rates and in so much of the third cause of action as sought "an order . . . directing the Water Board to apply the appropriate credit to [the p]etitioner against its annual consumption for water treated and then subsequently returned to the New York City water supply," there was no "definitive position" taken by the Board concerning those issues in this instance (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34; Matter of Goodyear v New York State Dept. of Health, 163 AD3d 1427, 1428-1429). Thus, those claims are not subject to CPLR article 78 review (see CPLR 7801; Matter of Patchogue Nursing Ctr. v New York State Dept. of Health, 189 AD2d 1054, 1057). To the extent that the first cause of action sought declaratory relief, that claim is untimely (see CPLR 213[1]; Morton v New York City Bd. of Educ. Retirement Sys., 229 AD3d 619, 620).
However, the Supreme Court should not have dismissed so much of the fifth cause of action as sought declaratory relief on the procedural grounds advanced by the Water Board. Although the court determined that claim was not ripe, "[e]xhaustion of administrative remedies is not required where an agency's action is challenged as either unconstitutional or beyond its grant of power, or when resort to an administrative remedy would be futile, or when its pursuit would cause irreparable injury" (Matter of 10 St. NY, LLC v New York City Dept. of Bldgs., 239 AD3d 637, 640). This is because while review of some claims "hinges upon factual issues reviewable at the administrative level [which] must first be addressed to the agency so that a necessary factual record can be established" (Matter of O'Sullivan v New York City Dept. of Bldgs., 226 AD3d 686, 688 [internal quotation marks omitted]), other claims present "a circumstance where the issue to be determined is purely a question of law" (Matter of 10 Street NY, LLC v New York City Dept. of Bldgs., 239 AD3d at 640). To the extent the fifth cause of action sought a declaration that the Water Board is acting in contravention of an established statutory scheme for setting rates for excess water consumption, exhaustion was not required (see Matter of Laureiro v New York City Dept. of Consumer Affairs, 41 AD3d 717, 719), and the court should not have dismissed that portion of the fifth cause of action on those procedural grounds.
The Water Board's further contentions regarding the timeliness and preservation of the fifth cause of action are not properly before us as they are raised for the first time on appeal and do not present pure questions of law that are apparent from the face of the record which could not have been avoided if raised at the proper juncture (see Schulman v Schulman Family Enters., 222 AD3d 898, 900; Dongyang Jiutai Clothing Co., Ltd. v Lady Emerald, Inc., 157 AD3d 936, 937).
Nonetheless, although not addressed by the Supreme Court, we address the parties' contentions regarding the merits of so much of the fifth cause of action as sought declaratory relief
in the interest of judicial economy, since the Water Board moved to dismiss that claim on the merits and the parties briefed the issue on appeal (see Buonincontro v State of New York, 241 AD3d 486). The petitioner essentially contends that the New York State Public Service Commission, rather than the Water Board, has the authority to set excess rates under Environmental Conservation Law § 15-1521. That statute states, in relevant part, that "[o]n any application for a new or increased withdrawal of water for a public water supply system," the New York State Department of Environmental Conservation (hereinafter the DEC) may approve such application and, if the applicant and other parties cannot agree on the rates for water usage, then "rates shall be . . . fixed by the public service commission" (ECL 15-1521). However, the setting of rates for excess water in this instance does not involve an "application for a new or increased withdrawal of water for a public water supply system" (ECL 15-1521). Rather, it involves an existing agreement to withdraw water from City-owned sources. For existing agreements, it is well-settled that, pursuant to Public Authorities Law § 1045-j, the Water Board retains the authority to set rates for non-City users, subject to review by the DEC (see Matter of Village of Scarsdale v Jorling, 91 NY2d 507, 516).
Since no questions of fact were presented by so much of the fifth cause of action as sought a judgment declaring that the Water Board is acting in contravention of an established statutory scheme for setting rates for excess water consumption, the Supreme Court should have deemed that branch of the Water Board's motion which was pursuant to CPLR 3211(a) to dismiss that portion of the fifth cause of action to be for a declaratory judgment in the Water Board's favor, and thereupon granted it (see Matter of Town of Riverhead v County of Suffolk, 237 AD3d 944, 948; Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d 943, 947).
The second cause of action, alleging that the Water Board "failed to set a separate, fair and reasonable rate for" the petitioner, was properly dismissed, based on the petitioner's failure to exhaust its administrative remedies. "Whether [an] agency action is ripe for review depends upon several considerations. First, the action must impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process . . . . Further, there must be a finding that the apparent harm inflicted by the action may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (Matter of Gordon v Rush, 100 NY2d 236, 242 [internal quotation marks omitted]; see Matter of Rosado-Ciriello v Board of Educ. of Yonkers City Sch. Dist., 219 AD3d 839, 840). Here, further steps, including administratively appealing the determination to the DEC (see Public Authorities Law § 1045-j[5], [9]; 6 NYCRR 603.2; Matter of Village of Scarsdale v Jorling, 91 NY2d 507, 516), were available to the petitioner (see Matter of Rosado-Ciriello v Board of Educ. of Yonkers City School Dist., 219 AD3d at 840; Matter of Boyajian v Village of Ardsley, Zoning Bd. of Appeals, 210 AD3d 1079, 1081).
Contrary to the petitioner's contention, so much of the third cause of action as challenged certain water rates set by the Water Board on the ground that they were unfair was also subject to review by the DEC before seeking a judicial remedy (see Matter of Village of Scarsdale v Jorling, 91 NY2d at 518). The petitioner failed to exhaust its administrative remedies pursuant to CPLR article 78, and there is no basis in the record to determine that any exception to the exhaustion of administrative remedies requirement would apply (see Matter of 10 St. NY, LLC v New York City Dept. of Buildings, 239 AD3d 637; Matter of O'Sullivan v New York City Dept. of Buildings, 226 AD3d at 688). As such, that branch of the Water Board's motion which was pursuant CPLR 3211(a) to dismiss so much of the third cause of action as challenged certain water rates set by the Water Board was properly, in effect, granted.
The Supreme Court also properly, in effect, granted that branch of the Water Board's motion which was pursuant CPLR 3211(a) to dismiss so much of the fourth cause of action as alleged that the Water Board failed to comply with SEQRA, on the ground that the petitioner lacked standing. "To establish standing under SEQRA, a petitioner must show (1) an environmental injury that is in some way different from that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA" (Matter of Figueroa v Town of Wallkill, 232 AD3d 729, 730 [internal quotation marks omitted]; see Matter of 1160 Mamaroneck Ave. Corp. v City of White Plains, 211 AD3d 723, 724). "Further, to qualify for standing to raise a SEQRA challenge, a party must demonstrate that it will suffer an injury that is environmental and not solely economic in nature" (Matter of 1160 Mamaroneck Ave. Corp. v City of White Plains, 211 AD3d at 724-725; see Matter of County Oil Co., Inc. v New York City Dept. of Envtl. Protection, 111 AD3d 718, 719). "Economic injury is not by itself within the zone of interests which SEQRA seeks to protect" (Matter of 1160 Mamaroneck Ave. Corp. v City of White Plains, 211 AD3d at 725; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 777). Here, the gravamen of the petition/complaint is that the water rates set by the Water Board will cause the petitioner to suffer economic harm. Such allegations were insufficient to confer standing to assert its SEQRA challenge (see Matter of 1160 Mamaroneck Ave. Corp. v City of White Plains, 211 AD3d at 724; Matter of County Oil Co., Inc. v New York City Dept. of Envtl. Protection, 111 AD3d at 719).
The petitioner's remaining contentions either need not be reached in light of our determination, are raised for the first time in a reply brief, or are without merit.
CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court